

# In the United States Court of Federal Claims

No. 16-954C
Filed: June 28, 2017

**FILED**

```
****************************************
                                       *
                                       *                JUN 2 8 2017
SYLVAN GODFREY,                        *
                                       *             U.S. COURT OF
                                       *            FEDERAL CLAIMS
                                       *
      Plaintiff, pro se,               *     Rules of the United States Court of
                                       *        Federal Claims ("RCFC") 15(a)(2)
                                       *        (Amendments Before Trial); 56
                                       *        (Summary Judgment); 83.1(a)(3)
v.                                     *        (Eligibility to Practice; Pro Se
                                       *        Litigants).
                                       *
THE UNITED STATES,                     *
                                       *
                                       *
      Defendant.                       *
                                       *
                                       *
****************************************
```

**Sylvan Godfrey**, Marianna, Florida, Plaintiff, *pro se*.

**Courtney D. Enlow**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

**BRADEN**, *Chief Judge*.

## I.   RELEVANT FACTUAL BACKGROUND. [1]

Sylvan Godfrey, a member of the Sioux Indian Tribe of South Dakota, is currently serving a 365-month prison term at the Federal Corrections Institute ("FCI") in Marianna, Florida that commenced in 2013. *See Godfrey v. United States*, 131 Fed. Cl. 111, 114 (2017).

On December 8, 2010, Congress enacted the Claims Resolution Act, Pub. L. No. 111-291, 124 Stat. 3064 (2010) that authorized, ratified, and confirmed a December 9, 2009 Settlement

---

[1] The relevant facts are derived from the court's March 20, 2017 Memorandum Opinion And Order, *Godfrey v. United States*, 131 Fed. Cl. 111, 114–15 (2017), and the April 26, 2017 Government's Appendix ("Gov't App'x at A1–A114").

Agreement in *Cobell v. Salazar*, Civil Action No. 96-1258, ECF 3660-2 (D.D.C. 2009) ("the Settlement Agreement"), whereby the Government deposited $1.4 billion into the Accounting/Trust Administration Fund, and $2 billion into the Trust Land Consolidation Fund. Gov't App'x at A8, A17. The Settlement Agreement also established a class of plaintiffs, designated as the Historical Accounting Class, of which Mr. Godfrey is a member. *See Godfrey*, 131 Fed. Cl. at 115; *see also* Gov't App'x at A8–A12. Under the terms of the December 9, 2009 Settlement Agreement, each member of the Historical Accounting Class is entitled to $1,000 from the Accounting/Trust Administration Fund. Gov't App'x at A29. The Settlement Agreement also established a separate Trust Administration Class; members of that class received a payment of $500 plus a prorated share of any funds left over from the Accounting/Trust Administration Fund. Gov't App'x at A30-A31. Mr. Godfrey is a member of the Trust Administration Class. Gov't App'x at A101-A102, A110. Mr. Godfrey's father, George Godfrey, Sr., also was a member of the two classes. Gov't App'x A102, A112, A114. Heirs of class members are also entitled to payment. Gov't App'x at A100.

The parties to the December 9, 2009 Settlement Agreement designated Garden City Group, Inc. ("GCG") to serve as the Claims Administrator; GCG was thereby charged with the duty to "provide services to the Parties to facilitate administrative matters and distribution of the Amount Payable for Each Valid Claim in accordance with the terms and conditions of [the December 9, 2009 Settlement Agreement]." Gov't App'x at A9. The December 9, 2009 Settlement Agreement specified that the Government "shall have no role in, nor be held responsible or liable in any way for, the Accounting Trust Administration Fund, the holding or investment of the monies in the Qualifying Bank or the distribution of such monies." Gov't App'x at A27.

## II.    PROCEDURAL HISTORY.

On August 4, 2016, Mr. Godfrey ("Plaintiff") filed a Complaint in the United States Court of Federal Claims alleging that the Government violated his statutory and constitutional rights, as well as the terms of the December 9, 2009 Settlement Agreement. ECF No. 1 at 1–5 ("Compl.").

On September 30, 2016, the Government filed a Motion To Dismiss the August 4, 2016 Complaint, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6). ECF No. 8. Plaintiff's Response to the September 30, 2016 Motion was due on October 31, 2016. Weeks after the deadline, however, Plaintiff failed to file any response or objection with the court. Therefore, on December 2, 2016, the court issued an Order instructing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. ECF No. 9.

On December 19, 2016, Plaintiff filed a Motion For Extension Of Time To File Opposition To Defendant's Motion To Dismiss, To Amend Complaint, And For Third Party Representative. ECF No. 10. On January 3, 2016, the court granted Plaintiff an enlargement of time to file a response to the Government's September 30, 2016 Motion To Dismiss, but did not rule on the Plaintiff's December 19, 2016 Motion To Amend or Motion For Third Party Representative. ECF No. 11. On January 4, 2017, the Government filed a Response to Plaintiff's December 19, 2016 Motions. ECF No. 12.

On January 18, 2017, Plaintiff filed a Motion To Alter Or Amend The December 19, 2016 Judgment, that the court considered a response to the September 30, 2016 Motion To Dismiss.

ECF No. 14. Therein, Plaintiff argued that: (1) another case pending before the United States Court of Federal Claims, *Redboy v. United States*, No. 17-19, is "material to [Plaintiff's] ability to state the jurisdiction of this court;" (2) the record reflects Plaintiff's effort to oppose the Government's Motion To Dismiss; and (3) Plaintiff "lacks the ability to pursue his rights as a truly *pro se* litigant," because FCI–Marianna did not afford Victor Fourstar, Plaintiff's "third-party representative," access to Plaintiff's legal files. ECF No. 14 at 2.

On March 20, 2017, the court granted the Government's September 30, 2016 Motion To Dismiss, pursuant to RCFC 12(b)(1), with regard to all of the claims alleged in the August 4, 2016 Complaint, except the claim that the Government failed to compensate Plaintiff fully as a member of the Historical Accounting class. *See Godfrey*, 131 Fed. Cl. at 123–24. Plaintiff's December 19, 2016 Motion For Third Party Representative requesting that Mr. Fourstar serve as Plaintiff's counsel, also was denied under RCFC 83.1(a)(3). *Id.* at 122–23.

On April 26, 2017, the Government filed a Motion For Summary Judgment ("Gov't Mot."), pursuant to RCFC 56, together with an Appendix. ECF No. 19. By the April 26, 2017 Motion For Summary Judgment, the Government argues that it was under no contractual obligation to make a payment to Plaintiff as an individual member of the Historical Accounting Class and, in the alternative, that Plaintiff was in fact paid fully as a member of the Historical Accounting Class. Gov't Mot. at 1.

On May 24, 2017, Plaintiff filed a Response ("Pl. Resp.") and requested leave to amend the August 4, 2016 Complaint. Pl. Resp. at 1. Plaintiff's May 24, 2017 Response was written, signed, and filed by Mr. Fourstar. Pl. Resp. at 5–6.

On May 26, 2017, the Government filed a Motion To Strike Plaintiff's May 24, 2017 Response and a Reply In Support Of Motion For Summary Judgment, a Response To Plaintiff's Request For Third Party Representation, and a Response To Plaintiff's Request For Leave To Amend the August 4, 2016 Complaint ("Gov't Reply"). On June 16, 2017, the court convened a telephone conference, wherein the Government withdrew the May 26, 2017 Motion To Strike.

## III. DISCUSSION.

### A. Jurisdiction.

The court previously determined that it has jurisdiction to adjudicate the allegation in the August 4, 2016 Complaint that the Government breached the terms of the Settlement Agreement, because it "could fairly be interpreted as contemplating money damages in the event the Government underpaid a member of the Historical Accounting Class." *Godfrey*, 131 Fed. Cl. at 122 (citations omitted).

### B. Standing.

The court also previously determined that Plaintiff has standing to seek adjudication of his claim that the Government breached the terms of the Settlement Agreement, as:

[t]he December 9, 2009 *Cobell* Settlement Agreement provides that, "each member of the Historical Accounting Class shall be paid a per capita amount of $1,000.00 after Final

Approval. This will be a per-person, not a per-account, payment." *Cobell v. Salazar*, Civil Action No. 96–1258, ECF No. 3660–2 at ¶ E.3a. The August 4, 2016 Complaint alleges that the Government breached these terms, because Plaintiff is a member of the Historical Accounting Class, but only received $880. Compl. at 1–2. Under these circumstances, the court has determined that the December 9, 2009 *Cobell* Settlement Agreement could fairly be interpreted as contemplating money damages in the event that the Government underpaid a member of the Historical Accounting Class.

*Godfrey*, 131 Fed. Cl. at 122.

### C.   Relevant Legal Standards.

#### 1.   Standard Of Review For A Motion For Summary Judgment, Pursuant To RCFC 56(a).

If there is no genuine issue as to any material fact, the moving party is entitled to summary judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also* RCFC 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). A material fact is one that might significantly affect the outcome of the suit under applicable law. *See Anderson*, 477 U.S. at 248 ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. . . . That is, while the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."). The existence of *"some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Id.* at 248 (emphasis in original). Where the nonmoving party only proffers evidence that is "merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

The party moving for summary judgment has the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries its burden to demonstrate an absence of any genuine issue of material fact, then the burden of proof shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The court is required to resolve any doubts about factual issues in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1987). In doing so, all presumptions and inferences drawn from the evidence must be resolved in favor of the nonmoving party. *Id.* Nevertheless, the court must weigh the persuasiveness and plausibility of such evidence and view it "through the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. In opposing a motion for summary judgment, plaintiffs may not rely on "[m]ere denials or conclusory statements[.]" *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984).

### 2.    Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers").

### D.    The Government's April 26, 2017 Motion For Summary Judgment.

### 1.    The Government's Argument.

The Government argues that it does not have a contractual obligation to distribute $1,000 to Plaintiff as a member of the Historical Accounting Class. Gov't Mot. at 2. Although the Settlement Agreement required the Government to pay money into the Accounting/Trust Administration Fund and the Trust Land Consolidation Fund, the Settlement Agreement specified that the Government would have "no role in, nor be held responsible or liable in any way for" the distribution of the payments to class members. Gov't Mot. at 11. Instead, such payments were to be handled by GCG, as the Claims Administrator, so that any breach of contract action concerns Plaintiff and GCG, not the Government. Gov't Mot. at 11–12.

In addition, the Government proffered evidence that GCG mailed Plaintiff a check for $1,000 on December 31, 2012, and it was signed and cashed by Plaintiff on January 8, 2013. Gov't App'x at A101, A104. In addition, the Government proffered evidence showing that Plaintiff admitted to receiving the $1,000 check in an August 10, 2015 letter he sent to GCG. Gov't App'x at A106. Therefore, there can be no genuine dispute that Plaintiff received the money he alleges that he is due. Gov't Mot. at 12.

### 2.    Plaintiff's Response.

Plaintiff responds that the Government has a contractual obligation to pay the full $1,000 amount to the members of the Historical Accounting Class and that the "Bad Men" Clause of the Fort Laramie Treaties[2] supports this contention. Pl. Resp. at 3–5. Plaintiff adds, however, that he did not receive the $1,000 and the evidence submitted by the Government is vague and likely to have been fabricated. Pl. Resp. at 3–5.

### 3.    The Court's Resolution.

"To recover for a breach of contract, a party must allege and establish: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irr. & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). The United States Court of Appeals for the Federal Circuit has held that judicial interpretation of contract language begins with the "plain language of the agreement[.]" *Foley v. United States*, 11 F.3d 1032, 1034 (Fed. Cir. 1993). Indeed, courts "may not look to extrinsic evidence" to interpret unambiguous contract language. *See Teg-Paradigm Envtl., Inc. v. United States*, 465 F.3d 1329, 1338 (Fed. Cir. 2006). The December 9, 2009 Settlement Agreement provides that the Government "shall have no role in, nor be held responsible

---

[2] Treaty of Fort Laramie, 15 Stat. 635.

or liable in any way for, the Accounting/Trust Administration Fund . . . *or the distribution of such monies.*" Gov't App'x at A27 (emphasis added). As such, the Settlement Agreement expressly relieves the Government from any duty to distribute any funds from the Accounting/Trust Administration Fund to the members of the Historical Accounting Class. Therefore, as a matter of law, there is no genuine issue of material fact as to whether the Government is liable to Plaintiff for $1,000.

Even if the December 9, 2009 Settlement Agreement obligated the Government to deliver Plaintiff $1,000, summary judgment is warranted, because Plaintiff received the money that he is owed. On December 31, 2012 GCG mailed Plaintiff a $1,000 check that was signed and cashed on January 8, 2013. Gov't App'x at A101, A104. In addition, on August 10, 2015, Plaintiff informed GCG that he received the $1,000 check. Gov't App'x at A106. Plaintiff counters only that he did not receive the $1,000 and suggests that the Government's evidence is fabricated. Pl. Resp. at 3–5. Conclusory allegations, however, fail to create a genuine issue of material fact for trial. *See Barmag Barger Maschinenfabrik AG*, 731 F.2d at 835–36 (holding that "[m]ere denials or conclusory statements are insufficient" to oppose a motion for summary judgment).

For these reasons, the court grants the Government's Motion For Summary Judgment.

**E.    Plaintiff's May 24, 2017 Motion To Amend And Request For Third Party Representation.**

**1.    Plaintiff's Argument.**

Plaintiff asserts that the Government and GCG are perpetuating an "On-Going Common Scheme" to "deprive and exploit" Plaintiff of his contractual rights by depriving him of the money he is owed as a member of the Historical Accounting Class. Pl. Resp. at 3. Therefore, Plaintiff requests leave to amend the August 4, 2016 Complaint to add Lori L. Castaneda and Ryan Zinke of GCG as defendants. Pl. Resp. at 4. In addition, Plaintiff requests leave to amend the August 4, 2016 Complaint to reflect that he was not paid the correct amount of money as a member of the Trust Administration Class or as an heir to the estate of George Godfrey, Sr., who was due payment as a member of the Historical Accounting Class and the Trust Administration Class. Pl. Resp. at 5. Therefore, Plaintiff requests leave to amend the August 4, 2016 Complaint to initiate a class action against the Government on these new claims. Pl. Resp. at 3. Finally, Plaintiff requests that Mr. Fourstar be allowed to serve as his Third Party Representative. Pl. Resp. at 2.

**2.    The Government's Response.**

The Government responds that the court should reject Plaintiff's request to amend the August 4, 2016 Complaint, as it would be futile, because the court does not have jurisdiction to adjudicate claims against private parties. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Plaintiff's claim as an heir to the estate of George Godfrey, Sr., cannot create a cause of action against the Government, because the Government is under no obligation to make payments to individual members of the Historical Accounting Class or Trust Administration Class. Gov't Reply at 4. And, Plaintiff's request to amend the August 4, 2016 Complaint to initiate a class action is prohibited as a matter of law, because he is a *pro se* litigant. *See Green v. United States*, No. 15-988, 2015 WL 8529463, at *1 (Fed. Cl. Dec. 11, 2015) (citing RCFC 83.1(a)(3)). The

Government adds that Plaintiff's request to have Mr. Fourstar serve as his counsel was rejected by the court, since Mr. Fourstar is not a licensed attorney nor is he a member of Plaintiff's immediate family. Gov't Reply at 10.

### 3.   The Court's Resolution.

RCFC 15(a)(1) affords a party the opportunity to amend a pleading once as a matter of course, within twenty-one days after service of the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier." Otherwise, a party may amend a pleading "only with the opposing party's written consent or the court's leave." RCFC 15(a)(2). In this case, Plaintiff's May 24, 2017 Motion To Amend was filed 293 days after Plaintiff's service of the August 4, 2016 Complaint. Plaintiff's May 24, 2017 Motion To Amend also was filed 236 days after the Government's September 30, 2016 Motion To Dismiss. Therefore, at this juncture, Plaintiff may amend the August 4, 2016 Complaint only with the consent of the opposing party or by the court's leave. *See* RCFC 15(a)(2). The Government opposes Plaintiff's request. Gov't Reply at 7.

RCFC 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." But, the court may exercise its discretion to deny leave, if the request evidences "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In addition, "[w]hen a party faces the possibility of being denied leave to amend on the ground of futility, that party must . . . proffer sufficient facts supporting the amended pleading that the claim could survive a dispositive pretrial motion." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).

The United States Court of Federal Claims does not have jurisdiction to adjudicate cases against private parties. *See* 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the [United States] Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Therefore, amending the August 4, 2016 Complaint to add GCG, Ms. Castaneda, and Mr. Zinke as defendants would be futile.

The court also has determined that the Government is under no contractual obligation to ensure that individual members of the December 9, 2009 Settlement Agreement receive payment. Therefore, Plaintiff's proposed amendment to include claims against the Government that he was not paid in full as a member of the Trust Administration Class or as an heir to the estate of George Godfrey, Sr., would be futile.

Finally, RCFC 83.1(a)(3) bars individuals who are not attorneys from representing "any other person" other than the *per se* litigant or a member of their immediate family. Plaintiff's proposed amendment to file a class action on behalf of similarly situated members of the Historical Accounting Class, with Plaintiff representing the class as a *pro se* litigant would not survive "a dispositive pretrial motion." *See Kemin Foods, L.C.*, 464 F.3d at 1355. Accordingly, Plaintiff's proposed amendment to transform this case into a class action would be futile.

## IV.    CONCLUSION.

For these reasons, the Government's April 26, 2017 Motion For Summary Judgment is granted. *See* RCFC 56. In addition, Plaintiff's May 23, 2017 Motion To Amend and Motion For Third Party Representative are denied. *See* RCFC 15(a)(2); 83.1(a)(3).

Accordingly, the Clerk of the United States Court of Federal Claims is directed to enter judgment on behalf of the Government.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Chief Judge**

8